# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ALEXIS NEGRON-CRUZ,**

  Plaintiff,

    v.

**MEDICAL DIRECTOR DR. ALMODOVAR, ET AL.,**

  Defendants.

CIVIL NO. 19-2126 (PG)

## OPINION AND ORDER

Plaintiff Alexis Negron-Cruz ("Negron" or "Plaintiff") is an inmate at the Metropolitan Detention Center ("MDC") Guaynabo, a federal prison facility located in Guaynabo, Puerto Rico. On December 12, 2019, he filed the above-captioned claim against the Medical Director Dr. Almodovar, Kitchen Adm. Mr. Padilla and Facilities Manager Ms. Marrero. See Docket No. 3. At the outset, Figueroa moved to proceed in forma pauperis (Docket No. 1) and the court granted his request (Docket No. 4). Negron complains that defendants have failed to provide him with adequate medical services and have fed him expired food that made him ill. He also alleges that the institution's air conditioning pipes emanate toxic fumes that affect the inmates' health, causing him adverse side effects. See Docket No. 3. Negron seeks both injunctive and monetary relief. See id. at page 15.

Claims arising under the Prison Litigation Reform Act of 1995 ("PLRA") require exhaustion of administrative remedies prior to filing suit in court. Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). The PLRA "attempts to eliminate unwarranted interference by federal courts with the administration of prisons and affords corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Rios v. United States, No. CV 14-40171-IT, 2016 WL 1212530, at *5 (D. Mass. Feb. 26, 2016) (citing Woodford v. Ngo, 548 U.S. 81, 93–4 (2006); Porter v. Nussle, 534 U.S. 516, 524–5 (2002)). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532.

The prisoner must exhaust administrative remedies even if the administrative procedures "would appear to be futile at providing the kind of remedy sought." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). In fact, even if the plaintiff seeks monetary relief which the prison administrative process does not encompass, the inmate is still not excused from completing the prison administrative process. See Lopez-Vigo v. Puerto Rico, No. 13-1071, 2014 WL 495721, at *3 (D.P.R. February 06, 2014) (citing Booth v. Churner, 532 U.S. 731 (2001)); see also Woodford, 548 U.S. at 85. "[P]ursuant to the PLRA, exhaustion of all available administrative remedies is 'mandatory' and 'a prerequisite to suit.'" Arroyo-Morales v. Administracion de Correccion, 207 F. Supp. 3d 148, 151 (D.P.R. 2016) (citing Porter, 534 U.S. at 524).

"The failure to exhaust administrative remedies is an affirmative defense that 'must be raised and proved by the defense.'" Rodriguez Rodriguez v. Garcia, No. CIV. 09-1094 JAF/JP, 2011 WL 6057746, at *1 (D.P.R. Dec. 6, 2011) (citing Cruz–Berrios v. Gonzalez–Rosario, 630 F.3d 7, 11 (1st Cir.2010)). Notwithstanding the foregoing, the PLRA "includes several provisions which grant this Court the authority to screen and dismiss prisoner complaints." Aldrich v. U.S., No. 13–12085–NMG, 2013 WL 6196002, at *4 (D.Mass.

November 22, 2013) (citing 28 U.S.C. § 1915 (proceedings in forma pauperis); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities)). Upon authorization for the commencement of a suit without prepayment of fees (proceedings in forma pauperis) under 28 U.S.C. § 1915, a federal court may dismiss the case at any time if it determines that the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(ii) and (iii). "In forma pauperis complaints may be dismissed sua sponte and without notice under section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." Aldrich, 2013 WL 6196002 at *4 n. 8 (citing Neitzke v. Williams, 490 U.S. 319, 327-328 (1989); Denton v. Hernandez, 504 U.S. 25, 32–33 (1992)).

In his petition form, Negron admits that he has not made use of the institution's grievance procedure even though it exists. See Docket No. 3 at page 3. A generous review of the complaint only allows the court to conclude that Plaintiff simply attempted to obtain informal resolution of the issues in question by submitting a written request to the institution's personnel, to no avail. See Docket No. 3 at page 4. But that is not enough.

The applicable administrative remedies are defined not by the PLRA, but by the prison grievance process itself. See Tomassini v. Correctional Health Services Corp., No. 09-2059, 2012 WL 1601528, at *1 (D.P.R. May 07, 2012) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)). "The Code of Federal Regulations requires a prisoner to submit complaints and receive denials at four levels before filing a lawsuit." Charleswell v. Ledezma, No. CV 07-1062 (JAF), 2007 WL 9760489, at *2 (D.P.R. Oct. 17, 2007) (citing 28 C.F.R. §§ 542.13-15 (2007). "A potential plaintiff must (1) lodge an informal complaint; (2) submit a formal written request to the prison warden; (3) appeal to the regional director; then (4) appeal to

the Office of General Counsel." Id. "If an inmate fails to pursue even one of these steps, he has failed to exhaust his administrative steps fully as required by the PRLA." Cruz-Berrios v. Puerto Rico Dep't of Correction & Rehab., No. CV 16-3155 (RAM), 2019 WL 5858157, at *4 (D.P.R. Nov. 8, 2019) (citing Arroyo-Morales, 207 F. Supp. 3d at 151).

Plaintiff here fails to assert that he completed the second, third and fourth steps of the administrative process required by the PLRA. Thus, it stems from the face of his own complaint that he has not exhausted his claims. "[W]hen a prisoner states in his pleadings that he has not exhausted his administrative remedies, a dismissal sua sponte for failure to exhaust is appropriate." Cullinan v. Mental Health Management Correctional Services, Inc., No. 11–10593–JLT, 2012 WL 2178927, at *3 (D.Mass. June 11, 2012) (citations omitted). See also United States v. Del Toro–Alejandre, 489 F.3d 721, 723 (5th Cir.2007) ("[T]he usual PLRA practice would permit a district court to dismiss sua sponte a prisoner's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of [her] complaint.").

Pursuant to all of the above, the court finds that Plaintiff has not exhausted his administrative remedies. Because "unexhausted claims cannot be brought in court," Jones v. Bock, 549 U.S. 199, 211 (2007), it follows that Negron's claims must be **DISMISSED** on those grounds. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, February 14, 2020.

                                                S/ JUAN M. PÉREZ-GIMÉNEZ
                                                **JUAN M. PEREZ-GIMENEZ**
                                                **SENIOR U.S. DISTRICT JUDGE**